## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

PHYLLIS M. BELCHER, personal
representative of the estate of her
daughter Sandra K. Belcher, deceased,

                Plaintiff,

v.                                CIVIL ACTION NO.  5:05-cv-00121

DISETRONIC MEDICAL SYSTEMS, INC., et al.,

                Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's motion to remand [Docket 9].  The defendants oppose this motion on the basis of the fraudulent joinder doctrine.  Specifically, the defendants argue that Robin Bowyer was fraudulently joined as a defendant in this action, and, therefore, removal was proper.  For the following reasons, I disagree, and **REMAND** this case to the Circuit Court of Fayette County, West Virginia.

### I.  Background

The following facts are taken from the complaint and construed as true for the purposes of this motion.[1]  Defendant Disetronic Medical Systems, Inc. (Disetronic) is a manufacturer and distributor of insulin pumps incorporated in Minnesota and principally located in Indiana.  Disetronic employs defendant Robin Bowyer, a licensed, registered nurse and a resident of West

---

[1] District courts must evaluate questions of fraudulent joinder by "resolving all issues of law and fact in the plaintiff's favor."  *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citations omitted).

Virginia, to train customers regarding the proper use of insulin pumps purchased from the company. Sandra K. Belcher was one of those customers.   In December of 2002, Sandra purchased an insulin pump from Disetronic, and on December 27, Bowyer provided instruction to Sandra on how to use the pump.  Following this instruction, Sandra took the insulin pump home and began using it on a regular basis.

In early February of 2003, Sandra experienced an episode of high blood sugar and nausea. She used her Disetronic insulin pump in an attempt to increase her insulin levels and went to bed. The following morning, her mother, Phyllis M. Belcher, tried to wake Sandra up and found her to be unresponsive.  Sandra was taken by ambulance to Raleigh General Hospital in Beckley, West Virginia where she was diagnosed with "severe diabetic ketoacidosis resulting from hyperglycemia (high blood sugar)."  She was later transported to Ruby Memorial Hospital in Morgantown where she died on February 5, 2003, as a result of complications form this condition.

Sandra's mother, Phyllis, is the personal representative of Sandra's estate and the plaintiff in this case.  She has asserted several causes of action against both Bowyer and Disetronic.  The plaintiff has charged defendant Bowyer with negligently instructing Sandra regarding use of the pump, and has charged Disetronic with:  (1) vicarious liability for Bowyer's negligence; (2) negligent hiring and training of Bowyer; (3) strict product liability; (4) negligent design and manufacture; and (5) breach of express or implied warranty.

This action was originally filed in the Circuit Court of Fayette County and removed here to the federal court for the Southern District of West Virginia on February 11, 2005.  The plaintiff has moved to remand this case to state court.  The defendants oppose remand on the basis that defendant

Bowyer, the only non-diverse defendant, was fraudulently joined. The issue has been fully briefed by both sides and the motion is ripe for decision.

## II. Legal Standard

An action may be removed to a federal district court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(b). Federal district courts have original jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000. *Id.* § 1332. Generally, complete diversity must exist; that is, every defendant must be a citizen of a state different from every plaintiff. In determining whether complete diversity exists, a court can ignore the citizenship of fraudulently joined parties. The defendants argue that Robin Bowyer is a fraudulently joined nondiverse party in this action.

The fraudulent joinder doctrine provides that the citizenship of a non-diverse party should be ignored when the removing party establishes either: (1) that there is no possibility that the plaintiff can establish a cause of action against the in-state defendant in state court; or (2) that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Mayes v. Rappaport*, 198 F.3d 457, 464 (4th Cir. 1999) (citations omitted); *Pritt v. Repub. Nat'l Comm.*, 1 F. Supp. 2d 590, 591 (S.D. W. Va. 1998). In this case, the defendants do not argue outright fraud, but do argue under the first prong of the doctrine that there is no possibility of state-court recovery against defendant Bowyer.

Under the first prong of the fraudulent joinder doctrine, "there need be only a slight possibility of a right to relief . . . [o]nce the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Hartley v. CSX Transp. Inc.,* 187 F.3d 422, 426 (4th Cir. 1999). In other words, the court must look "to whether there is an arguably reasonable basis for predicting

that state law might impose liability on the facts involved." *Rinehart v. Consolidated Coal Co.,* 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987) (citations omitted).   As the Fourth Circuit has recognized, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Id.* (quoting *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999)).   "Further, courts should 'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley,* 187 F.3d at 425.

### III.  Analysis

The defendants argue that Bowyer was fraudulently joined because the claims against her are barred by West Virginia statutory law.   Specifically, the defendants claim that the negligence action against Bowyer is really a claim for medical malpractice under the West Virginia Medical Professional Liability Act (MPLA), W. Va. Code § 55-7B-1, *et seq.*   Accordingly, the defendants argue, the plaintiff had to comply with the provisions of the MPLA, and because she did not comply with those procedural requirements, she is barred from suing Bowyer for medical malpractice.   The defendants further argue that Bowyer was therefore fraudulently joined because there is no possibility that the plaintiff can establish a claim against Bowyer in state court.

*Hartley v. CSX Transportation, Inc.*, 187 F.3d 422 (4th Cir. 1999), is instructive as to why this case does not present an example of fraudulent joinder.   In *Hartley*, a woman sued a railroad company and several government entities after her car collided with a train in South Carolina.   CSX removed the case to federal court, arguing that the government defendants had been fraudulently joined to defeat diversity because the suits against the government entities were barred by the public duty rule.   The district court agreed, and denied the plaintiff's motion to remand.   On appeal, the Fourth Circuit reversed, finding that "the public duty rule does not preclude all possibility of

-4-

recovery" in that case. *Id.* at 424. Specifically, the Fourth Circuit noted that South Carolina law provided a six-part test for determining the applicability of the public duty rule. *Id.* The court further noted that "[n]o South Carolina case has squarely held that the public duty rule forecloses Hartley's claims. Further, it is unclear whether a state court would apply the rule to her claims because the six-part test requires a judgment call at every turn." *Id.* The Fourth Circuit found that "the district court erred by delving too far into the merits in deciding a jurisdictional question," and provided the following instruction regarding the proper inquiry at the jurisdictional stage of the proceedings:

> Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

*Id.* at 425. Because the Fourth Circuit could not "say with certainty that a South Carolina state court would find Hartley's claims barred by the rule," it reversed the fraudulent joinder ruling.

Similarly, in this case, I cannot find with certainty that a West Virginia court would find that the plaintiff's claims are barred by the MPLA. According to the MPLA, "no person may file a medical professional liability action against any health care provider without complying with the provisions of this section." W. Va. Code § 55-7B-6. The defendants argue that Bowyer qualifies as a "health care provider" under the statute because she is a registered nurse. "Medical professional liability" is defined by the MPLA as "any liability for damages resulting from the death or injury of a person for any tort or breach of contract based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient." W. Va. Code § 55-7B-2. These provisions, as well as other definitions in the statute, require several judgment calls

regarding whether this case falls within the scope of the MPLA.  For example, the term "patient" is defined by the statute as "a natural person who receives or should have received health care from a licensed health care provider under a contract, expressed or implied."  *Id*.  A substantial question appears to exist regarding whether Sandra Belcher, a customer of Disetronic who purchased an insulin pump from the company, became a "patient" of Bowyer simply because Sandra received some instruction from Bowyer.   No West Virginia state case has ruled on this issue, let alone "squarely held" that the facts of this case are foreclosed by the MPLA.

In *Hartley*, the Fourth Circuit noted that "a jurisdictional inquiry is not an appropriate stage of litigation to resolve these various uncertain questions of law and fact."  The plaintiffs' claims against Bowyer may not ultimately succeed, but ultimate success is not required to defeat removal. *McWilliams v. Monarch Rubber Co.*, 70 F. Supp. 2d 663, 665 (S.D. W. Va. 1999) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir. 1993)).  Thus, the court **FINDS** there is still an arguably reasonable basis for predicting that state law might impose liability on Bowyer. Accordingly, the plaintiff's motion [Docket 9] is **GRANTED** and this case is **REMANDED** to the Circuit Court of Fayette County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party, and to send a certified copy of this Memorandum Opinion and Order to the Clerk of the Circuit Court of Fayette County, West Virginia.

ENTER:      April 19, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE